[Cite as *Felter v. Felter*, 2017-Ohio-1075.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY


Elma J. Felter                                    Court of Appeals No. S-16-024

        Appellant                          Trial Court No. 08-DR-272

v.

Douglas C. Felter                             **DECISION AND JUDGMENT**

        Appellee                            Decided:  March 24, 2017

* * * * *

Nancy L. Jennings, for appellant.

Mary Beth Fiser, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Elma Felter, appeals from the judgment of the Sandusky County

Court of Common Pleas, Domestic Relations Division, which granted appellee's,

Douglas Felter, motion for modification of the parenting plan.  For the reasons that

follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} The parties were married on January 21, 2003. They have two children together, born in 2002 and 2005. On May 28, 2009, the trial court entered its judgment of divorce. In its judgment entry, appellant was designated the residential parent and legal custodian of the children. Appellee was to have parenting time with the children as the parties agreed, coordinated with appellee's military leave.

{¶ 3} On October 29, 2014, appellee filed his motion for modification of the parenting plan. In his motion, appellee asserted that circumstances had changed in that he was now stationed in Fort Polk, Louisiana, and was due to remain there for at least the next four to five years. Further, he asserted that the children were now older, and of such an age as to make transportation easier. Finally, appellee requested that appellant share the cost of transporting the children.

{¶ 4} The matter was set for a hearing, and the hearing date was continued several times. On April 13, 2015, appellant moved for the court to conduct an in-camera interview of the children. The in-camera interview never occurred.

{¶ 5} On September 24 and November 5, 2015, the matter came before the magistrate for a hearing. At the hearing, the guardian ad litem testified that it was her recommendation that the court adopt the court's standard long-distance visitation schedule. The guardian ad litem testified that she reached this conclusion following interviews with the parties and the children, and after completion of home visits. On cross-examination, the guardian ad litem testified that she was aware that the children

2.

participate in dance and 4-H year round, but she believed that those activities could be scheduled around their visitation. She further testified that the children would be willing to miss some of their activities, but not dance.

{¶ 6} Appellee testified next. He stated that at the time of the divorce he was active in the military and his residence was unstable because of the deployment rate. He testified that since 2013, however, he has had a stable residence at Fort Polk, and that he anticipated being there for at least another one and one-half to two years, and it could be very likely that he stays at Fort Polk for the remaining four and one-half years he has before retirement. Notwithstanding that, appellee admitted on cross-examination that he was deployed to Africa in 2014 for six months, and was still deployable.

{¶ 7} Appellee further testified that he has a good relationship with his children, and that he gets to see them for two weeks to a month at a time, depending on his military leave. When he sees the children, appellee always travels to Ohio where he stays with other family. Appellee testified that he is aware of the children's activities, and that the activities are important to the children. Appellee asserted that he would be willing to balance the children's dance activities with any extended time that they would visit him.

{¶ 8} Finally, appellee testified that he has always paid for the cost of his travel to see his children, and he would like the court to allocate the children's transportation expenses in accordance with the guidelines. Appellee testified that he would be willing to pay 60 percent of the transportation costs, but would like the court to help defray those

3.

costs by awarding him the dependency tax exemption for the children, at least on alternating years.

{¶ 9} Appellant testified last. She testified that she disagreed with the guardian ad litem's recommendation, noting that her children's dance schedule requires that they be at the dance studio most of the summer. She also testified that the children are in other activities that would have to be missed, such as cheerleading and 4-H. Additionally, appellant disagreed with the recommendation that she share in the cost of transportation. Appellant stated that she did not ask for the divorce, did not ask for appellee to move away, and she makes considerably less than he does.

{¶ 10} Appellant further testified that she would like the schedule to remain the same as it has been, where appellee visits the children when he is in Ohio. But, appellant stated that she could commit to two weeks of visitation in the summer for the children to go to Louisiana. Appellant believes that this arrangement is in the best interests of the children.

{¶ 11} On April 22, 2016, the magistrate issued his decision, granting appellee's motion to modify parenting time, and adopting the court's standard long-distance parenting schedule with the modification that visitation during the summer shall be for four weeks instead of six weeks. Further, the magistrate concluded that appellee should bear the costs of transportation for the children for visitation. The magistrate also found that appellee shall be entitled to claim the dependency tax deduction for the younger child in 2016 and each year thereafter. In reaching his conclusion, the magistrate expressly

4.

considered each factor in R.C. 3109.051(D) relative to the modification of parenting time, and each factor in R.C. 3119.82 relative to the designation of which parent should be entitled to claim the children as dependents for income tax purposes. Notably, the magistrate's decision contained the notice required by Civ.R. 53(D)(3)(a)(iii) that "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b)."

{¶ 12} On May 9, 2016, appellant moved for leave to file objections to the magistrate's decision. That same day, the trial court initially granted the motion for leave to file. However, on May 23, 2016, the trial court vacated its May 9, 2016 entry, stating that it mistakenly believed that appellant's motion for leave was filed within the 14-day period for filing objections to the magistrate's decision. Upon further examination, the court recognized that the 14-day period ended on May 6, 2016. Ultimately, on July 8, 2016, the trial court entered its judgment approving and adopting the magistrate's decision.

## II. Assignments of Error

{¶ 13} Appellant has timely appealed the trial court's July 8, 2016 judgment, and now asserts three assignments of error for our review:

5.

1. The trial court committed reversible error and abused its discretion by failing to conduct an in camera interview of the children as required by statute.

2. The trial court erred in its decision finding a change of circumstances had occurred allowing a modification of the prior order.

3. The trial court erred in granting defendant a tax exemption in this matter.

### III. Analysis

{¶ 14} At the outset, we note that appellant did not timely object to the magistrate's decision. Therefore, she has waived all but plain error on appeal. *See* Civ.R. 53(D)(3)(b)(iv) ("Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."); *Foos v. Foos*, 6th Dist. Wood No. WD-08-049, 2009-Ohio-3398, ¶ 16.

In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on

6.

the character of, and public confidence in, judicial proceedings. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). "[T]he doctrine is sharply limited to the *extremely rare* case involving *exceptional* circumstances where the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself." (Emphasis sic.) *Id.* at 122. We do not find that this is such a case.

{¶ 15} In her first assignment of error, appellant argues that the trial court erred in failing to conduct an in-camera interview of the children when one was requested. As support, appellant cites R.C. 3109.04(B)(1), which states, in pertinent part,

> In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation.

{¶ 16} However, this case does not involve the allocation of parental rights and responsibilities, rather it involves a motion to modify visitation rights where one parent has been designated the residential parent and legal custodian. As such, this case is not governed by R.C. 3109.04, but instead is governed by R.C. 3109.051. *Braatz v. Braatz*, 85 Ohio St.3d 40, 706 N.E.2d 1218 (1999), paragraph one of the syllabus.

7.

**{¶ 17}** Relative to in-camera interviews, R.C. 3109.051(C) states,

In considering the factors listed in division (D) of this section for purposes of determining whether to grant parenting time or visitation rights, establishing a specific parenting time or visitation schedule, determining other parenting time matters under this section or section 3109.12 of the Revised Code or visitation matters under this section or under section 3109.11 or 3109.12 of the Revised Code, and resolving any issues related to the making of any determination with respect to parenting time or visitation rights or the establishment of any specific parenting time or visitation schedule, the court, in its discretion, may interview in chambers any or all involved children regarding their wishes and concerns.

**{¶ 18}** Unlike R.C. 3109.04(B)(1), R.C. 3109.051(C) does not require the court to conduct an in-camera interview where one is requested. Instead, it leaves the decision to the court's discretion. *See Holz v. Holz*, 11th Dist. Ashtabula No. 2001-A-0003, 2001 Ohio App. LEXIS 5127, *11 (Nov. 16, 2001) ("The trial court had the discretion to decide whether to interview the minor children, but was not required to under the mandates of [R.C. 3109.051(C)]."). Therefore, we hold that the trial court's failure to conduct an in-camera interview in this case was not plain error.

**{¶ 19}** Accordingly, appellant's first assignment of error is not well-taken.

**{¶ 20}** In her second assignment of error, appellant raises two arguments. First, appellant argues that the trial court erred in modifying the parenting plan without first

8.

finding a change of circumstances occurred.  Second, even if a change of circumstances had occurred, appellant argues that the modification is not in the best interests of the children.

{¶ 21} As to the former, appellant relies on R.C. 3109.04, which is not applicable, for the proposition that the court must first find a change of circumstances.  On the contrary, under R.C. 3109.051, "[t]he party requesting a change in visitation rights need make no showing that there has been a change in circumstances in order for the court to modify those rights."  *Braatz* at paragraph two of the syllabus.  Thus, appellant's first argument is without merit.

{¶ 22} As to the latter, appellant again improperly relies on R.C. 3109.04(F) for the factors to consider when determining whether a change is in the children's best interests.  Instead, "[p]ursuant to R.C. 3109.051(D), the trial court shall consider the fifteen factors enumerated therein, and in its sound discretion shall determine visitation that is in the best interest of the child."  *Braatz* at paragraph two of the syllabus.  Here, the magistrate expressly enumerated each of the factors under R.C. 3109.051(D) and considered their application to the facts in this case.  Based on these factors, the magistrate concluded,

> [I]t is in the best interest of the minor children to GRANT [appellee's] motion for modification of parenting time.  [Appellee's] time with the children has been severely curtailed by the parties' current practice and mother's resistance to out-of-state visits.  The children are older and

9.

now mature enough to adapt to extended visits. While their extracurricular activities are important and should be accommodated in scheduling, the activities should not take precedence over [appellee's] parenting time and his relationship with his children.

Therefore, we hold that appellant has not demonstrated that the trial court committed plain error when it concluded that a change in the parenting plan was in the children's best interests.

{¶ 23} Accordingly, appellant's second assignment of error is not well-taken.

{¶ 24} In her third assignment of error, appellant argues that the trial court erred in awarding appellee the right to claim one of the children as a dependent for income tax purposes.

{¶ 25} Pursuant to R.C. 3119.82,

Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes as set forth in section 151 of the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C. 1, as amended. If the parties agree on which parent should claim the children as dependents, the court shall designate that parent as the parent who may claim the children. If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to

10.

claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children.

{¶ 26} Here, in his decision, the magistrate considered the appropriate factors and concluded that it was in the best interest of the children to divide the tax exemptions between the parties. Specifically, the court noted that appellee was in a higher tax bracket and would realize a greater tax savings, and mother is likely eligible for the earned income credit. Further, he found that appellee incurs significant travel expenses to exercise parenting time, and appellant incurs significant expenses for the children's extracurricular activities, and that both parties are likely to use any tax savings for the benefit of their children. Therefore, we hold that the trial court properly considered the factors under R.C. 3119.82, and appellant has not demonstrated that the court committed

plain error in designating appellee as the parent entitled to claim the tax deduction for the younger child.

{¶ 27} Accordingly, appellant's third assignment of error is not well-taken.

## IV. Conclusion

{¶ 28} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.